FILED
 2017 May-04  PM 03:24
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| TEE-AUNDRA CLEMONS, | ) |
| | ) |
| PLAINTIFF, | ) |
| vs. | ) CIVIL CASE NO. |
| | ) |
| LYONS HUMAN RESOURCES, INC., | ) |
| | ) |
| DEFENDANT. | ) |

## COMPLAINT

**I.   JURISDICTION AND VENUE**

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and §1343(4), and 28 U.S.C. §§2201 and 2202, 42 U.S.C. §2000e *et seq*.  This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*, and 42 U.S.C. §1981.  The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §2000 *et seq*. providing for injunctive and other relief against race and color discrimination in employment. Jurisdiction over plaintiff's claim based on Alabama law exists under the doctrine of supplemental jurisdiction, 28 U.S.C. §1367. The plaintiff requests a trial by jury of all issues triable to a jury.

2.  Subject matter jurisdiction is established pursuant to 28 U.S.C. §1331 and venue is proper in this district pursuant to 28 U.S.C. §1391(b).

3. The Plaintiff timely filed her charge of race and color discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days after the last discriminatory treatment, Exhibit A.  The Plaintiff further filed her lawsuit within 90 days after receipt of her right-to-sue letter issued from the EEOC, Exhibit B.

## II.  PARTIES

4. Plaintiff, Tee-Aundra Clemons, is a black African American female, and at all relevant times, a resident of the State of Alabama.  At all relevant times, the Plaintiff was denied employment by Defendant, Lyons Human Resources, Inc., because of her race and color.

5. Defendant Lyons Human Resources, Inc. employs more than fifteen (15) persons, within the meaning of 42 U.S.C. §1981a(b)(3) and 42 U.S.C. §2000e. et seq.

## III.  FACTUAL ALLEGATIONS

6. Plaintiff, Tee-Aundra Clemons, is a black African American female.

7. In August 2016, Lyons Human Resources advertised that they were taking applications, conducting interviews and placing people in jobs.

8. Plaintiff went to the office on Sparkman Drive, completed an application and waited for her Lyons HR interview.

9. Debbie (Black/African American) took Plaintiff back to her office for in interview.

10. Debbie explained that Lyons Human Resources, Inc. were sending people for interviews at Huntsville Hospital to work in the cafeteria.

11. Debbie told Plaintiff that she needed to have a "white person attitude" to interview at Huntsville Hospital, stating that she would have to be almost perfect to be considered, and that she had to have a white person attitude.

12. Debbie said she didn't think this was the job for Plaintiff, but that she would call Plaintiff after she set up an appointment to interview at Huntsville Hospital.

13. Debbie never called Plaintiff. Therefore, Plaintiff called the Lyons Human Resources, Inc. office.

14. Plaintiff repeatedly left voicemails requesting a status on her application, and that she had not been given a time to interview at Huntsville Hospital, however, no one returned Plaintiff's calls.

15. On September 6, 2016, Plaintiff went to the Lyons HR office in person and signed in.

16. Debbie took Plaintiff back into her office, and Plaintiff told Debbie that she was checking on her application. Debbie claimed not to remember

Plaintiff, so Plaintiff explained that she had been in the previous month about the job with Huntsville Hospital.

17. After Plaintiff reminded her, Debbie then said she remembered Plaintiff. Debbie then told Plaintiff that with the Huntsville Hospital job, she had to "ratio" it out, and that she kept separate files of applications based on race, i.e., the white file, Hispanic file, black file, and other file. Debbie said she couldn't just keep sending out black people to the job interviews at Huntsville Hospital or they would think something was wrong.

18. Plaintiff told her how offended she was, that it wasn't her job to deny Plaintiff the opportunity to interview; Debbie's job was to let Plaintiff interview and let Huntsville Hospital decide whether they would hire her or not. Plaintiff told her it was not right that the only reason she wasn't being sent on the interview was because of the color of her skin.

19. Debbie still refused to set up an interview for Plaintiff with Huntsville Hospital.

20. Plaintiff attempted to contact the Lyons Human Resources, Inc. manager after this happened. Plaintiff kept calling and leaving messages, but no one called her back.

21. Finally, on September 12, 2016, Plaintiff was put through to a "Karen" on the phone. Plaintiff complained to Karen. However, Karen never offered to send Plaintiff to interview at Huntsville Hospital.

22. Upon information and belief, Debbie made comments to other Black/African American employment candidates similar to those made to Plaintiff, including but not limited to that they needed to have a "white attitude," and that they weren't going to hire a Black/African American person "because they are looking for a 'Becky,' a white girl."

## IV. CAUSES OF ACTION

### COUNT ONE
### RACE AND COLOR DISCRIMINATION
### DISPARATE TREATMENT

23. The plaintiff, Tee-Aundra Clemons, re-alleges and incorporates by reference paragraphs 1 through 22 with the same force and effect as if fully set out in specific detail hereinbelow.

24. Plaintiff has been discriminated against on the basis of race and color in regard to disparate treatment, racially derogatory comments, refusal to employ, and other adverse terms and conditions of employment, in violation of Title VII of the Civil Rights Act, as amended, and/or 42 U.S.C. §1981. The plaintiff has been discriminated against because of her race and color and has been subjected to unequal treatment because of her race and color.

25. Plaintiff seeks to redress the wrongs alleged herein and this suit for back pay plus damages, interest, an injunctive and declaratory judgment are her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after a trial:

1. Issue a declaratory judgment that the employment policies, practices, procedure, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991", 42 U.S.C. §2000e *et seq.*, and 42 U.S.C.§1981.

2. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981.

3. Enter an order requiring the Defendant to make the Plaintiff whole by awarding her the position she would have occupied in the absence of race and

color discrimination, back-pay (plus interest), punitive damages, compensatory damages, nominal damages, liquidated damages, declaratory relief, injunctive relief, and benefits.

    4.    The Plaintiff further prays for such relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

    Respectfully submitted,

    s/Michael E. Auffenorde
    Michael E. Auffenorde
    Attorney for Plaintiff
    ASB-9810-O57M

OF COUNSEL:
**MICHAEL E. AUFFENORDE, P.C.**
2409 Commerce Court, Suite B
Huntsville, Alabama 35801
(256) 533-5383
(256) 533-4833 facsimile
aalaw@bellsouth.net

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY**

    s/Michael E. Auffenorde
    Michael E. Auffenorde

<u>Defendant can be served at:</u>

Lyons Human Resources, Inc.
c/o Bill Lyons, Jr.
201 N. Pine St., Ste. 111
Florence, AL 35630

<u>Plaintiff's Address:</u>

Tee-Aundra Clemons
c/o Michael E. Auffenorde, P.C.
2409 Commerce Court, Suite B
Huntsville, Alabama 35801